UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 4/30/96**

THOMAS L. MOSLEY, an individual,

Plaintiff-Appellant,

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, a Missouri corporation,

Defendant-Appellee.

No. 95-6248
(D.C. No. CIV-94-950-R)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Thomas L. Mosley appeals from an order of the district court granting summary judgment for defendant Southwestern Bell Telephone Company. We affirm.

Plaintiff brought this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, as amended by 42 U.S.C. § 1981a (1991); 42 U.S.C. § 1981; and Oklahoma public policy. He alleged he was constructively discharged because of his race and was retaliated against for filing a prior EEOC complaint.

The district court granted summary judgment for defendant holding that plaintiff had failed to raise genuine issues of material fact that he was constructively discharged, that Oklahoma has no public policy recognizing constructive discharge as a cause of action, and that plaintiff had failed to exhaust his administrative remedies as to the retaliation claim.

On appeal, plaintiff argues he raised genuine issues of material fact as to whether he received disparate treatment under Title VII and § 1981 and whether he was constructively discharged. He asserts the trial court incorrectly limited his claims to constructive discharge, although he actually was subjected to other adverse employment action. He argues Oklahoma does recognize constructive discharge as a cause of action in public policy termination claims. Finally, plaintiff contends he was not required to exhaust his remedies as to his retaliation claims.

We review a district court's order granting summary judgment de novo, applying the same legal standard used by the district court. Universal Money Ctrs., Inc. v. AT&T, 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S. Ct. 655 (1994). Summary judgment is

appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). If no genuine issue of material fact is in dispute, we then determine whether the substantive law was correctly applied by the district court. Id.

Even if plaintiff may bring a common law cause of action for constructive discharge, he has no claim here. Plaintiff states he quit because he thought he was going to be terminated and would lose his retirement benefits and because of his health. Plaintiff's Br. at 4; district court's order at 14. None of these reasons support a finding of constructive discharge. See, e.g., Burks v. Oklahoma Publishing Co., No. 94-6403, 1996 WL 174787, at *2 (10th Cir. Apr. 15, 1996)(employee can prove constructive discharge by showing employer required employee to choose between resigning or being fired)(and cases cited therein). Also, plaintiff did not establish a prima facie case of constructive discharge. See facts as set forth in the district court's order.

Plaintiff also claims defendant discriminated against him on the basis of race. On this claim, he also failed to establish a prima facie case. Plaintiff submitted records which showed that white employees were not disciplined as he was and all received positive

**3**

performance evaluations. However, he did not show the white employees also had his history of customer complaints.

We have reviewed the appendixes submitted by the parties, the parties' briefs, and the applicable law and find no reversible error. We AFFIRM the judgment of the United States District Court for the Western District of Oklahoma for substantially the reasons stated in its order of June 19, 1995.

Entered for the Court

Deanell Reece Tacha
Circuit Judge